# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

BRAD SMITH,                                               PETITIONER

V.                                                  NO. 4:03CR0077-GHD

UNITED STATES OF AMERICA,                     RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Brad Smith for a writ of *habeas corpus* under 28 U.S.C. § 2255. The government responded to the petition. The petitioner has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied in part.

### Facts and Procedural Posture

The petitioner was indicted October 2, 2003[1], in an eleven count Indictment. He was charged with various crimes related to the distribution and possession of cocaine in violation of 21 U.S.C. § 841. On February 5, 2004, Smith plead guilty to Count Nine which charged him with conspiracy to distribute in excess of 50 grams of cocaine base. When his guilty plea was taken, Smith admitted that he conspired to distribute 76.8 grams of cocaine base, crack cocaine.

Using the quantity of crack involved in Count Nine and the quantities included in the other 10 Counts of the superceding indictment, the presentence report (PSR) attributed a total of 264.5 grams of cocaine, two grams of cocaine powder, and 3.3 grams of marijuana to Smith. Accordingly, it was determined that Smith's base offense level was 34, and with a 3-level adjustment for acceptance of responsibility, his Total Offense Level was 31. The PSR also provided that Smith's

---

[1] The original indictment was May 22, 2003. October 2, 2003 was a superseding indictment.

criminal history category was IV. Given the offense level of 31 and the criminal history of IV, the guideline range was 151 to 188 months of imprisonment.

On June 22, 2004, Smith was sentence to 151 months of imprisonment.[2] His sentence was pronounced prior to the decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Written judgment was entered on July 7, 2004. Smith did not pursue an appeal. He filed the present motion on June 28, 2005, asserting four grounds for relief. In his own words, Petitioner argues:

> Ground One    Petitioner was denied due process of law in violation of the Fifth Amendment when the Court imposed sentence believing the Sentencing Guidelines were mandatory rather than advisory;
>
> Ground Two    The Court's sentence reflected a computation for relevant conduct which was not charged in the count of the indictment to which Petitioner entered a plea, in violation of his Sixth Amendment rights;
>
> Ground Three  Petitioner was denied effective assistance of counsel when counsel made no objection to applying the guidelines or to the judicial fact-finding resulting in the sentence which was imposed; and
>
> Ground Four   Petitioner received ineffective assistance of counsel when Petitioner requested counsel to file a notice of appeal from the sentence imposed in the case.

**Discussion**

Ground One

In support of Ground One, Petitioner insists that the court would have imposed a less harsh sentence if, as *Booker* later held, the guidelines were merely advisory. Smith does not support this argument with any facts. Instead he simply concludes that obviously the court would have sentenced him to a lesser term since the guidelines are now advisory. The court is unpersuaded.

---

[2] For sentencing purposes, Smith's attorney objected to certain quantities of drugs seized from Smith's residence. A laboratory report confirmed the quantities as listed in the PSR. The inclusion of these drug quantities, however, did not affect the offense level.

Smith was sentenced on June 22, 2004, two days before *Blakely* was issued on June 24, 2004, and well before *U.S. v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (Jan. 12, 2005). On July 12, 2004, the Fifth Circuit held that *Blakley* did not extend, or apply, to the federal Sentencing Guidelines. *United States v. Pinerio*, 377 F.3d 464, 473 (5th Cir. 2004). Smith filed this petition on June 28, 2005. Therefore, under the law in this circuit at the time of Smith's sentencing the mandatory application of the Guidelines was appropriate and was not unconstitutional based upon *Blakely* and *Booker*.

*Blakely* and the subsequently decided *Booker* would have to apply retroactively for Smith's argument to succeed. On December 8, 2005, however, the Fifth Circuit held *Booker* does not apply retroactively to cases on collateral review and therefore, the holding does not apply to an initial 28. U.S.C. § 2255 motion such as the case *sub judice*. *United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005) (applying the *Teague* analysis). Accordingly, Smith's claim is not cognizable on collateral review by this 2255 motion. Smith's argument that his sentence should have been reduced based on *Blakely* and *Booker* is without merit.

Remaining Grounds

Smith's remaining grounds are all dependant upon his assertion that despite being asked to do so, his attorney failed to perfect an appeal of the sentence. In other words, Smith contends that he requested his attorney file a notice of appeal and the attorney refused or failed to comply with the request.

The failure to file a notice of appeal is *per se* ineffective assistance of counsel, with or without a showing that the appeal would have merit. *Roe v. Flores-Ortega*, 528 U.S. 470, 483-86, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). When an attorney fails to file a notice of appeal when requested to do so, the defendant need not demonstrate that he would have been able to raise meritorious issues on appeal. *Id.* at 477-78. Instead, the defendant must only demonstrate that there

is a reasonable probability that but for counsel's failure, he would have timely appealed. *Id.* at 484, 486.

Because the record obviously contains no evidence of Smith's alleged request, he shall be afforded the opportunity to present proof at an evidentiary hearing demonstrating that he asked his attorney to perfect an appeal. *See U.S. v. Tapp*, 491 F.3d 263 (5th Cir. 2007) (vacating dismissal of 2255 motion and remanding for evidentiary hearing as to whether defendant requested his counsel file an appeal); *U.S. v. Gavin*, 260 F.3d 623 (5th Cir. 2001).

### Conclusion

As such, the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2255 shall be denied in part. In accordance with the discussion *supra*, Smith's Ground One is summarily denied. Disposition of the remaining claims, Grounds Two through Four, shall be withheld until the conclusion of the evidentiary hearing.

An order consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 27th day of September, 2007.

/s/ Glen H. Davidson
Senior Judge